

**EXHIBIT A**

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI200010795
Transaction ID: 0012375772
Filing Date: 12/23/2020 10:13:46 AM CST

## IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| OMAHA INTERLOCK, INC., | ) | CASE NO. CI _____ |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | COMPLAINT AND PRAECIPE |
| ALCOHOL DETECTION SYSTEMS, LLC | ) | |
| f/k/a ALCOHOL DETECTION SYSTEMS, | ) | |
| INC., ALCOHOL DETECTION SYSTEMS | ) | |
| TECHNOLOGY, LLC and CONSUMER | ) | |
| SAFETY TECHNOLOGY, LLC, d/b/a | ) | |
| INTOXALOCK | ) | |
| | ) | |
| Defendants. | ) | |

For its Complaint, Plaintiff Omaha Interlock, Inc. ("Omaha Interlock") states and alleges as follows:

### The Parties

1.  Omaha Interlock is a Nebraska Corporation with its principal place of business in Douglas County, Omaha, Nebraska.

2.  Alcohol Detection Systems, LLC, f/k/a Alcohol Detection Systems, Inc. ("ADS") is a Delaware limited liability company with its principal place of business in Maryland and is or was a manufacturer of interlock devices.

3.  Alcohol Detection Systems Technology, LLC ("ADST") is a Delaware limited liability company with its principal place of business in Maryland and is or was a manufacturer of interlock devices.

4.  Consumer Safety Technology, LLC d/b/a Intoxalock ("CST" and together with ADS and ADST, "Defendants") is a Delaware limited liability company with its principal place of business in Iowa.

1

## Jurisdiction

5.      Personal jurisdiction is proper because each of the Defendants have transacted business in the State of Nebraska and have engaged in at least the following conduct that supports personal jurisdiction:

> a.  ADS  knowingly entered into a distributorship/franchise agreement with Omaha Interlock, which is headquartered in Nebraska;
>
> b.  ADS knowingly sold devices to Omaha Interlock, which is headquartered in Nebraska;
>
> c.  ADST and CST knowingly acquired and assumed the ADS agreement with Omaha Interlock, a Nebraska corporation;
>
> d.  ADST and CST have engaged in discussions and negotiations with Omaha Interlock, which is headquartered in Nebraska, and has threatened to interfere with the business relationships of Omaha Interlock in Nebraska; and
>
> e.  CST generally and regularly does business in the state of Nebraska as an authorized dealer of its interlock device, Intoxalock.

6.      Venue is proper in Douglas County, Nebraska pursuant to Neb. Rev. Stat. § 25-403.01 as it is the county in which the transaction or some part of the transaction occurred out of which the cause of action arose.

## Factual Background

### A. The Parties' Agreement

7.      In 2008, Omaha Interlock and ADS entered into an exclusive territory "distributor" agreement (the "Agreement") whereby Omaha Interlock

would purchase interlock devices manufactured by ADS, from ADS, and Omaha Interlock would, in turn, lease the devices to customers for use in Nebraska.

8.     Interlock devices, also known as breath alcohol ignition interlock devices ("BAIIDs"), are often used by individuals that have been charged or convicted with alcohol related offenses but desire to retain their driving privileges. The devices measure a driver's breath alcohol content and prevents a vehicle from starting if it detects breath alcohol over a certain limit.

9.     As a part of the Agreement, Omaha Interlock licensed from ADS the right to use ADS trade names, trademarks, and related characteristics.

10.     In addition to the payments for devices, Omaha Interlock agreed to pay ADS an ongoing fee, which constitutes a franchise fee under Nebraska law.

11.     From 2008 through approximately 2014, Omaha Interlock purchased hundreds of BAIID devices called the "Determinator" from ADS, which had been manufactured by ADS.

12.     Omaha Interlock subsequently leased the Determinator units to customers using ADS's trade name and trademarks and paid ongoing franchise fees to ADS.

13.     On or about May 8, 2013, the National Highway Traffic Safety Administration ("NHTSA") provided notice in the Federal Register of rules changes to the model standards and specifications for BAIIDs.

14.     The NHTSA standards effectively made the Determinator devices, in their present form, obsolete, to the extent the standards were adopted by states, which was widely expected.

15.     In the fall of 2013, Omaha Interlock and ADS began having conversations about replacing Omaha Interlock's Determinator inventory with devices that were compliant with the new NHTSA standards, which both parties anticipated would be adopted by the state of Nebraska.

16.     ADS informed Omaha Interlock that it would be rolling out the "Determinator 2" or "D2", which it would manufacture and which would comply with the new NHTSA standards.

17.     On or about February 4, 2014, ADS posted a video on its Youtube channel presenting the Determinator 2. In the video, ADS represented that the Determinator 2 devices "meet all current NHTSA . . . standards."

18.     Since 2014, Omaha Interlock has purchased hundreds of Determinator 2 devices from ADS.

19.     ADS repeatedly represented to Omaha Interlock that the devices it was purchasing complied with NHTSA standards.

20.     Omaha Interlock relied on ADS's representations regarding NHTSA compliance in purchasing units from ADS.

21.     Upon information and belief, ADS submitted documentation to the state of Nebraska that supported the Determinator 2's compliance with NHTSA regulations. The state of Nebraska approved Determinator 2 devices as compliant with its rules and regulations. The Determinator 2 is listed as an approved device in the state of Nebraska.

22.     Omaha Interlock has leased the Determinator 2 devices to customers with no issues regarding their compliance with Nebraska law.

4

23.     At all times, the business relationship between Omaha Interlock and ADS has proven successful for all parties. Omaha Interlock has purchased devices from ADS. Omaha Interlock has successfully leased those devices to customers in need of interlock devices. Omaha Interlock has paid ADS an ongoing fee.

**B. Defendants' attempt to drive Omaha Interlock out of business**

24.     Upon information and belief, at some point in 2020, ADS and/or the assets of ADS were acquired by its competitor, CST. CST also owns the nation's largest ignition interlock brand, Intoxalock.

25.     Upon information and belief, CST created and used ADST for the purpose of acquiring ADS.

26.     Upon information and belief, one of the assets that CST acquired was ADS's relationship with Omaha Interlock.

27.     Upon information and belief, Defendants developed a scheme to drive Omaha Interlock out of business. By driving Omaha Interlock out of business, Defendants can obtain direct relationships with Omaha Interlock's customers, meaning that Defendants would receive direct payments from Omaha Interlock's customers and increase revenue by cutting Omaha Interlock out of Defendants' revenue stream.

28.     On November 24, 2020, Defendants informed Omaha Interlock that it intended or desired to fundamentally alter its relationship with Omaha Interlock and change Omaha Interlock from a franchisee/distributor of Defendants' devices to a service center.

29.    At or around the same time, Defendants represented to Omaha Interlock that some of the devices it sold to Omaha Interlock were non-compliant with Nebraska law.

30.    This representation was contrary to all prior representations and warranties made to Omaha Interlock.

31.    On December 8, 2020, Omaha Interlock notified Defendants that it was not interested in changing the parties' relationship, asserted breaches of warranties, and demanded that Defendants replace any units that were, in fact, non-compliant with Nebraska law.

32.    On December 21, 2020, Defendants refused to unconditionally replace non-compliant units.

33.    Instead, Defendants offered to loan Omaha Interlock replacement devices until current customer contracts expired. Under Defendants' offer, after the customer contracts expired, Omaha Interlock would return the replacement devices, which would leave Omaha Interlock unable to continue servicing those clients or any future clients with the allegedly non-conforming devices.

34.    Defendants also stated that if Omaha Interlock would not agree to these terms by Monday, December 28, 2020, that Defendants would contact Omaha Interlock's customers and directly lease devices to those customers.

35.    In other words, Defendants stated that if Omaha Interlock would not agree to the terms proposed by Defendants, Defendants would interfere with the business relationships of Omaha Interlock and transfer those customer relationships from Omaha Interlock to Defendants.

6

36.    Defendants know that if they interfere with the customer relationships as threatened, that it would drive Omaha Interlock out of business.

37.    Omaha Interlock has no independent knowledge that any of its Determinator 2 devices are actually non-compliant with NHTSA standards.

38.    Defendants have failed and refused to explain how or why any of its Determinator 2 devices are actually non-compliant with NHTSA standards.

39.    To the extent that any Determinator 2 devices are non-compliant with NHTSA standards, Defendants have fraudulently induced Omaha Interlock to purchase the devices, fraudulently concealed that Omaha Interlock has been leasing non-compliant devices for years, and have breached numerous warranties to Omaha Interlock.

### First Claim for Relief
### Violation of Junkin Act, § 59-805

40.    Omaha Interlock incorporates by reference paragraphs 1-39 of this Complaint as though fully set forth herein.

41.    Defendants' conduct and threatened conduct described above is intended to drive Omaha Interlock out of business.

42.    Defendants' conduct and threatened conduct serves no other useful purpose than to drive Omaha Interlock out of business.

43.    Defendants' conduct and threatened conduct constitute violations of the Junkin Act, Neb. Rev. Stat. § 59-805, which makes it unlawful for persons and entities to give any direction or authority to do any act for the purpose of driving out of business any other person.

44.     If Defendants are permitted to execute their scheme to drive Omaha Interlock out of business, Omaha Interlock will suffer irreparable harm and will likely cease to exist.

45.     The Junkin Act provides that the courts of equity in this state are invested with jurisdiction to prevent and restrain all violations of sections 59-801 through 59-831, including the issuance of a temporary restraining order or prohibition as shall be deemed just. See Neb. Rev. Stat. § 59-819.

**Second Claim for Relief**
**Misrepresentation**

46.     Omaha Interlock hereby incorporates by reference paragraphs 1-45 of this Complaint as though fully set forth herein.

47.     To the extent that any Determinator 2 devices are non-compliant with NHTSA standards, ADS made, either knowingly or negligently, false representations to Omaha Interlock about the Determinator 2 devices' compliance with NHTSA standards.

48.     At all times, ADS knew or had reason to know that Omaha Interlock was purchasing Determinator 2 devices based on ADS's representations that such devices were compliant with NHTSA standards.

49.     At the time ADS made the representations, it intended for Omaha Interlock to rely on the statements.

50.     Omaha Interlock did rely on the representations regarding NHTSA compliance in purchasing units from ADS.

51.     Omaha Interlock's reliance on the representations was reasonable.

52.    To the extent any units sold from ADS to Omaha Interlock are, in fact, non-compliant with NHTSA standards, Omaha Interlock has suffered damage, in an amount to be proven at trial, as a direct and proximate result of the fraudulent and/or negligent misrepresentations that such devices were NHTSA compliant.

**Third Claim for Relief**
**Breach of the Implied Warranty of Fitness for Particular Purpose**

53.    Omaha Interlock hereby incorporates by reference paragraphs 1-52 of this Complaint as though fully set forth herein.

54.    At all times, ADS knew or had reason to know that Omaha Interlock was purchasing Determinator 2 devices so that its devices would be compliant with NHTSA standards.

55.    At all times, ADS knew or had reason to know that Omaha Interlock was relying on ADS's skill and judgment to furnish appropriate devices.

56.    At all times, Omaha Interlock did, in fact, rely upon ADS's skill and judgment.

57.    According to Defendants, ADS did not sell devices to Omaha Interlock that were fit for the purpose in which they were purchased.

58.    Omaha Interlock has demanded that Defendants replace any units that were, in fact, non-compliant with NHTSA standards, which Defendants have refused to do.

59.    ADS breached the implied warranty that the Determinator 2 devices were NHTSA compliant by selling Omaha Interlock devises that did in fact not comply with NHTSA standards.

9

60.    To the extent any units sold from ADS to Omaha Interlock are, in fact, non-compliant with NHTSA standards, Omaha Interlock has suffered damage, in an amount to be proven at trial, as a direct and proximate result of ADS's breach the implied warranty of fitness for a particular purpose and ADS's failure to replace such non-compliant devices.

**Fourth Claim for Relief**
**Breach of Express Warranty**

61.    Omaha Interlock hereby incorporates paragraphs 1-60 of this Complaint as though fully set forth herein.

62.    ADS sold hundreds of Determinator 2 devices to Omaha Interlock.

63.    ADS expressly warranted that the Determinator 2 devices were NHTSA compliant.

64.    According to Defendants, ADS did not provide Omaha Interlock with devices that were NHTSA compliant.

65.    Omaha Interlock has demanded that Defendants replace any units that were, in fact, non-compliant with NHTSA standards, which Defendants have refused to do.

66.    By failing to sell Omaha Interlock Determinator 2 devices that were NHTSA compliant, ADS breached the express warranty that such devices met all NHTSA standards.

67.    To the extent any units sold from ADS to Omaha Interlock are, in fact, non-compliant with NHTSA standards, Omaha Interlock has suffered damages, in an amount to be proven at trial, as a direct and proximate result of

ADS's breach of the express warranty that such devices were compliant with NHTSA standards and ADS's failure to replace such non-compliant devices.

**Fifth Claim for Relief**
**Tortious Interference**

68.     Omaha Interlock hereby incorporates paragraphs 1-67 of this Complaint as though fully set forth herein.

69.     Omaha Interlock has present and expected business relationships with its current customers.

70.     Defendants are aware of these business relationships.

71.     Defendants have stated its intent to interfere with those relationships by contacting those customers and leasing them devices directly.

72.     Defendants' threatened interference is unjustified in that Defendants would be using customer information gathered by Omaha Interlock to interfere with those customer relationships from Omaha Interlock, would be interfering with those relationships in breach of the exclusive dealership arrangement with Omaha Interlock, and would be interfering with those relationships using methods that are unlawful under Nebraska law, including the Junkin Act. Defendants only justification for interfering with the customer relationships is that Defendants failed to provide goods that conformed to their own representations and warranties.

73.     Omaha Interlock will suffer irreparable harm if Defendants are allowed to interfere with Omaha Interlock's customer relationships and such conduct by Defendants would drive Omaha Interlock out of business.

11

**Sixth Claim for Relief**
**Nebraska Franchise Practices Act**

74.   Omaha Interlock hereby incorporates paragraphs 1-73 of this Complaint as though fully set forth herein.

75.   The relationship between Omaha Interlock and Defendants is considered a franchise under Nebraska law.

76.   Defendants have entered into an arrangement with Omaha Interlock which grants Omaha Interlock a license to use the tradenames and marks associated with ADS, for a franchise fee.

77.   The parties have a community of interest in the marketing of Determinator and Determinator 2 devices.

78.   The parties' arrangement is reflected in one or more writings.

79.   The Nebraska Franchise Practices Act makes it unlawful for a franchisor to terminate, cancel, or fail to renew a franchise without good cause.

80.   Defendants have expressed an intent to either terminate, cancel, or fail to renew its franchise relationship with Omaha Interlock. Defendants intend to effectuate a termination either by express termination or by necessary implication by failing to provide Omaha Interlock with devices that comply with NHTSA standards and Nebraska law.

81.   Defendants do not have good cause to terminate, cancel, or fail to renew its franchise relationship with Omaha Interlock.

82.   If Defendants terminate, cancel, or fail to renew the franchise relationship with Omaha Interlock, Omaha Interlock will suffer irreparable harm.

12

**Seventh Claim for Relief**
**Breach of Contract**

83.     Omaha Interlock hereby incorporates paragraphs 1-82 of this Complaint as though fully set forth herein.

84.     The Agreement constitutes a valid and enforceable contract by and amongst Omaha Interlock and ADS.

85.     CST has accepted, assumed, or been assigned the Agreement from ADS.

86.     Omaha Interlock has fully performed and satisfied its obligations under the Agreement.

87.     Defendants have expressed an intention to breach the exclusivity provisions of the Agreement by directly competing with Omaha Interlock in Nebraska and interfering with the relationship between Omaha Interlock and its customers.

88.     If Defendants fail to abide by the exclusivity provisions of the Agreement, Omaha Interlock with suffer irreparable harm.

**Eighth Claim for Relief**
**Breach of the Covenant of Good Faith and Fair Dealing**

89.     Omaha Interlock hereby incorporates paragraphs 1-87 of this Complaint as though fully set forth herein.

90.     Defendants owe Omaha Interlock an implied duty of good faith and fair dealing with respect to the Agreement and with respect to the sales of the Determinator and Determinator 2 devices.

13

91.    Defendants have expressed their intent to breach the covenant of good faith and fair dealing by, among other ways, refusing to provide interlock devices to Omaha Interlock that comply with NHTSA standards and Nebraska law.

92.    Such conduct constitutes a breach of Defendants' contractual duties of good faith and fair dealing.

93.    If Defendants breach the covenant of good faith and fair dealing, Omaha Interlock will suffer irreparable harm.

**Ninth Claim for Relief**
**Breach of Implied Warranty of Merchantability**

94.    Omaha Interlock hereby incorporates paragraphs 1-93 of this Complaint as fully set forth herein.

95.    ADS sold Omaha Interlock Determinator 2 devices which it warranted were NHTSA compliant.

96.    At the time of the sale, ADS was a merchant with respect to NHTSA compliant BAIIDs.

97.    According to Defendants, ADS did not provide Omaha Interlock with devices that were NHTSA compliant.

98.    Omaha Interlock has demanded that Defendants replace any units that were, in fact, non-compliant with NHTSA standards which Defendants have refused to do.

99.    To the extent any units sold from ADS to Omaha Interlock were, in fact, non-compliant with NHTSA standards, Omaha Interlock has suffered damages, in an amount to be proven at trial, as a direct and proximate result of

Defendants' breach of the implied warranty of merchantability and failure to replace the devices non-compliant with NHTSA standards.

## Prayer for Relief

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.     Pursuant to its First Claim for Relief, an order enjoining Defendants from engaging in any act intended to drive Omaha Interlock out of business.

2.     Pursuant to its Second, Third, Fourth, and Ninth Claims for Relief, an award against Defendants, jointly and severally, for damages incurred by Omaha Interlock as a result of the failure to supply NHTSA compliant devices.

3.     Pursuant to its Third, Fourth, and Ninth Claims for Relief, an order requiring Defendants to specifically perform on its agreements with Omaha Interlock and to replace any and all non-NHTSA compliant devices with devices that comply with all NHTSA standards and Nebraska law.

4.     Pursuant to its First, Fifth, Seventh, and Eight Claims for Relief, an order enjoining Defendants from contacting Omaha Interlock's customers for the direct or indirect purpose of offering or soliciting business from those customers, from directly doing business with any customer of Omaha Interlock, from making any representations to any customer of Omaha Interlock about whether devices currently being leased comply with Nebraska law or the standards of the National Highway Traffic Safety Administration, and from directly selling or leasing any Determinator 2 devices in the state of Nebraska.

15

5.     Pursuant to its Sixth Claim for Relief, an order enjoining Defendants from terminating, cancelling, or refusing to renew Defendants' franchise relationship with Omaha Interlock.

6.     Costs, attorneys' fees, and any such further relief as this Court deems just and equitable.

DATED this 23rd day of December, 2020.

OMAHA INTERLOCK, INC.,
Plaintiff

By:     /s/ Adam W. Barney
Adam W. Barney, #24521
Sydney M. Huss, #26581
    CLINE WILLIAMS WRIGHT
JOHNSON & OLDFATHER, LLP
12910 Pierce Street, Suite 200
Omaha, NE 68144
Telephone: (402) 397-1700
Fax: (402) 397-1806
abarney@clinewilliams.com
shuss@clinewilliams.com
*Attorneys for Plaintiff*

## PRAECIPE

TO:  The Clerk of the District Court of Douglas County Nebraska

Please issue summonses in the above-captioned case and deliver the same to the undersigned attorney for service via certified mail upon the Defendants as follows:

Alcohol Detection Systems, LLC f/n/a Alcohol Detection Systems, Inc.
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

Alcohol Detection Systems Technology, LLC
c/o CSC-Lawyers Incorporating Service Company
Suite 1900
233 South 13th Street
Lincoln, NE 68508

Consumer Safety Technology, LLC d/b/a Intoxalock
c/o CSC-Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508

Please endorse on said summons as follows: If Defendant fails to appear or answer in this proceeding, Plaintiff will take judgment as described in Plaintiff's Complaint and for Plaintiff's damages and costs according to law.


/s/ Adam W. Barney

| Image ID:<br>D00708457D01 | **SUMMONS** | Doc. No.    708457 |
|---|---|---|

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183


Omaha Interlock, Inc. v. Alcohol Detection Systems, LLC

Case ID: CI 20   10795


TO:  Alcohol Detection Systems, LLC
DBA: Alcohol Detection Systems Inc          DBA: Corporation Trust Co

**FILED BY**
Clerk of the Douglas District Court
12/23/2020

You have been sued by the following plaintiff(s):

Omaha Interlock, Inc.




Plaintiff's Attorney:    Adam  W Barney
Address:                 Sterling Ridge
                         12910 Pierce St, Ste 200
                         Omaha, NE 68144-1105
Telephone:               (402) 397-1700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.


Date:  DECEMBER 23, 2020    BY THE COURT:   _John M. Friend_
                                             Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Alcohol Detection Systems, LLC
        Corporation Trust Center
        1209 Orange Street
        Wilmington, DE 19801

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   708457 |
|---|---|

```
          Douglas District Court
      1701 Farnam
      Omaha              NE 68183
```

To:
Case ID: CI 20   10795 Omaha Interlock, I v. Alcohol Detection

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock ___M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return      $ _____

Copy                        _____

Mileage _____miles          _____

   TOTAL              $ _____

Date: _____       BY: _____
                                             (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

_____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____,_____.

```
To: Alcohol Detection Systems, LLC      From:  Adam  W Barney
    Corporation Trust Center                   Sterling Ridge
    1209 Orange Street                         12910 Pierce St, Ste 200
    Wilmington, DE 19801                       Omaha, NE 68144-1105
```

# ATTACH RETURN RECEIPT & RETURN TO COURT

Image ID:
D00708459D01

## SUMMONS

Doc. No.    708459

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Omaha Interlock, Inc. v. Alcohol Detection Systems, LLC

Case ID: CI 20    10795

TO:  Alcohol Detection Systems Tech, LLC
DBA: CSC Lawyers Incorp Service Co

**FILED BY**
Clerk of the Douglas District Court
12/23/2020

You have been sued by the following plaintiff(s):

    Omaha Interlock, Inc.

Plaintiff's Attorney:    Adam  W Barney
Address:                 Sterling Ridge
                         12910 Pierce St, Ste 200
                         Omaha, NE 68144-1105
Telephone:               (402) 397-1700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: DECEMBER 23, 2020    BY THE COURT:    *John M. Friend*
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

        Alcohol Detection Systems Tech, LLC
        c/o CSC Lawyers Inc. Serv. Co.
        233 S 13th St, Ste. 1900
        Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.    708459 |
|---|---|

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 20    10795 Omaha Interlock, I v. Alcohol Detection

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons

upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return       $ _____

Copy                          _____

Mileage ____miles        _____

    TOTAL              $ _____

Date: _____      BY: _____
                                                 (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                      _____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Alcohol Detection Systems Tech, LLC      From:  Adam  W Barney
    c/o CSC Lawyers Inc. Serv. Co.                  Sterling Ridge
    233 S 13th St, Ste. 1900                        12910 Pierce St, Ste 200
    Lincoln, NE 68508                               Omaha, NE 68144-1105

# ATTACH RETURN RECEIPT & RETURN TO COURT

| Image ID:<br>D00708460D01 | **SUMMONS** | Doc. No.    708460 |

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

Omaha Interlock, Inc. v. Alcohol Detection Systems, LLC

Case ID: CI 20    10795

TO:  Consumer Safety Technology, LLC
DBA: Intoxalock

**FILED BY**
Clerk of the Douglas District Court
12/23/2020

You have been sued by the following plaintiff(s):

Omaha Interlock, Inc.

Plaintiff's Attorney:    Adam  W Barney
Address:                 Sterling Ridge
                         12910 Pierce St, Ste 200
                         Omaha, NE 68144-1105
Telephone:               (402) 397-1700

A copy of the complaint/petition is attached. To defend this lawsuit, an
appropriate response must be served on the parties and filed with the office of
the clerk of the court within 30 days of service of the complaint/petition. If
you fail to respond, the court may enter judgment for the relief demanded in the
complaint/petition.

Date: DECEMBER 23, 2020    BY THE COURT: *John M. Friend*
                                           Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

Consumer Safety Technology, LLC
c/o CSC Lawyers Incorp Service Co.
233 S 13 Street, #1900
Lincoln, NE 68508

Method of service:  Certified Mail

You are directed to make such service within ten days after the date of issue,
and file with the court clerk proof of service within ten days after the signed
receipt is received or is available electronically, whichever occurs first.

| SERVICE RETURN | Doc. No.   708460 |
|---|---|

Douglas District Court
1701 Farnam
Omaha                    NE 68183

To:
Case ID: CI 20   10795 Omaha Interlock, I v. Alcohol Detection

Received this Summons on _____,_____.  I hereby certify that on

_____, _____ at _____ o'clock __M. I served copies of the Summons
upon the party:

_____

by _____

_____

_____

as required by Nebraska state law.

Service and return        $ _____

Copy                         _____

Mileage ____miles           _____

    TOTAL             $ _____

Date: _____        BY: _____
                                        (Sheriff or authorized person)

# CERTIFIED MAIL
# PROOF OF SERVICE

Copies of the Summons were mailed by certified mail,
TO THE PARTY: _____

At the following address: _____

_____

_____

on the _____ day of _____ _____, as required by Nebraska state law.

                                   _____

Postage $ _____     Attorney for: _____

The return receipt for mailing to the party was signed on _____, _____.

To: Consumer Safety Technology, LLC        From:  Adam  W Barney
    c/o CSC Lawyers Incorp Service Co.             Sterling Ridge
    233 S 13 Street, #1900                         12910 Pierce St, Ste 200
    Lincoln, NE 68508                              Omaha, NE 68144-1105

## ATTACH RETURN RECEIPT & RETURN TO COURT

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI200010795
Transaction ID: 0012418616
Filing Date: 12/31/2020 11:33:55 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| OMAHA INTERLOCK, INC., | ) | CASE NO. CI 20-10795 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MOTION TO EXTEND |
| ALCOHOL DETECTION SYSTEMS, LLC | ) | TEMPORARY RESTRAINING |
| f/k/a ALCOHOL DETECTION SYSTEMS, | ) | ORDER |
| INC., ALCOHOL DETECTION SYSTEMS | ) | |
| TECHNOLOGY, LLC, and CONSUMER | ) | |
| SAFETY TECHNOLOGY, LLC, d/b/a | ) | |
| INTOXALOCK | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, Plaintiff, Omaha Interlock, Inc., and respectfully moves the Court for an order extending the Temporary Restraining Order ("TRO") entered on December 23, 2020 until January 12, 2021. Defendants Alcohol Detection Systems Technology, LLC ("ADST") and Consumer Safety Technology, LLC ("CST") have consented to the requested extension, without waiving or prejudicing their rights to challenge the TRO, request for temporary injunction, or the bases therefore. Plaintiff has been unable to contact Defendant Alcohol Detection Systems, Inc. for purposes of receiving its consent for an extension. Plaintiff asserts that good cause exists to extend the TRO with respect to Defendant Alcohol Detection Systems, LLC ("ADS") because (1) the District Judge assigned to this matter was unavailable to hold a hearing on Plaintiff's request for a temporary injunction before the TRO would expire by law; (2) due to the holidays, Plaintiff has only had four full business days to communicate and coordinate with ADS with respect to the TRO and an extension thereof; (3) ADS would not suffer any harm by way of an extension because the TRO simply preserves the status quo.

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order extending the TRO entered on December 23, 2020 until January 12, 2021.

OMAHA INTERLOCK, INC.,
Plaintiff

/s/ Adam W. Barney
Adam W. Barney, #24521
Sydney M. Huss, #26581
CLINE WILLIAMS
WRIGHT JOHNSON & OLDFATHER, L.L.P.
Sterling Ridge
12910 Pierce Street, Suite 200
Omaha, NE 68144
(402) 397-1700
abarney@clinewilliams.com
shuss@clinewilliams.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following by United States mail, postage prepaid, and by electronic mail as indicated, this 31st day of December, 2021.

Alcohol Detection Systems, LLC f/n/a Alcohol Detection Systems, Inc.
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

Alcohol Detection Systems Technology, LLC
c/o Tim Engler, Esq.
Rembolt Ludtke
tengler@remboltlawfirm.com

Consumer Safety Technology, LLC d/b/a Intoxalock
c/o CSC-Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508

/s/ Adam W. Barney

# Certificate of Service

I hereby certify that on Thursday, December 31, 2020 I provided a true and correct copy of the Motion-Enlargement of Time to the following:

Alcohol Detection Systems Tech, LLC service method: Email

Alcohol Detection Systems, LLC service method: First Class Mail

Consumer Safety Technology, LLC service method: First Class Mail

Omaha Interlock, Inc. represented by HUSS, SYDNEY M (Bar Number: 26581) service method: Electronic Service to shuss@clinewilliams.com

Signature: /s/ Barney, Adam William (Bar Number: 24521)

Filed in Douglas District Court
*** EFILED ***
Case Number: D01CI200010795
Transaction ID: 0012376898
Filing Date: 12/23/2020 10:54:23 AM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| OMAHA INTERLOCK, INC., | ) | CASE NO. CI 20-10795 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | MOTION FOR TEMPORARY |
| ALCOHOL DETECTION SYSTEMS, LLC | ) | RESTRAINING ORDER AND |
| f/k/a ALCOHOL DETECTION SYSTEMS, | ) | TEMPORARY INJUNCTION |
| INC., ALCOHOL DETECTION SYSTEMS | ) | |
| TECHNOLOGY, LLC and CONSUMER | ) | |
| SAFETY TECHNOLOGY, LLC, d/b/a | ) | |
| INTOXALOCK | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Omaha Interlock, Inc., ("Omaha Interlock") respectfully moves the Court pursuant to <u>Neb. Rev. Stat.</u> §§ 25-1063, 25-1064, and 59-819 to enter an order enjoining Defendants Alcohol Detection Systems, LLC, Alcohol Detection Systems Technology, LLC and Consumer Safety Technology, LLC from disturbing the status quo, as more specifically detailed below.

Plaintiff requests the Court to issue a temporary restraining order, and a temporary injunction thereafter, because, unless such an order is issued, Plaintiff will suffer immediate and irreparable harm. The harm is immediate in Defendants have provided Omaha Interlock with notice of their intent to contact and provide products and services to Omaha Interlock customers directly, and unlawfully, beginning December 28, 2020. The harm is irreparable in that it would damage Omaha Interlock's business, goodwill, and reputation, and threaten its ability to remain an ongoing concern. Defendants ultimately intend for their conduct to drive Omaha Interlock out of business. Defendants, in contrast, would not suffer any irreparable harm if a temporary restraining order

is granted because Plaintiff is simply seeking to preserve the status quo. Further, Plaintiff is likely to succeed on the merits of its claims, as will be established at the hearing. Finally, Defendants' conduct is intended to drive Omaha Interlock out of business, in violation of the Junkin Act, and Defendants should be restrained from so acting in violation of the Junkin Act.

In support of this motion, Plaintiff will offer into evidence the Affidavit of Seth Spratt.

WHEREFORE, Plaintiff prays that the Court enter an order restraining the Defendants, together with their officers, agents, and employees, and those persons in active concert or participation with any of them, from the following:

1.     Contacting, soliciting, or in any other way communicating with any customer of Omaha Interlock for the direct or indirect purpose of offering or soliciting business from those customers;

2.     Doing any business with any customer of Omaha Interlock, except indirectly through their relationship with Omaha Interlock, consistent with prior practices;

3.     Making any representations to any customer of Omaha Interlock about whether devices currently being leased comply with Nebraska law or the standards of the National Highway Traffic Safety Administration;

4.     Selling or leasing any Determinator 2 devices in the state of Nebraska, except to and through Omaha Interlock;

5.     Terminating, cancelling, or failing to renew their relationship with Omaha Interlock;

6.     Taking any actions that are intended to drive Omaha Interlock out of business;

7.     And granting such other and further relief as the court deems just and proper.

DATED:  December 23, 2020

> OMAHA INTERLOCK, INC.,
> Plaintiff
>
> /s/ Adam W. Barney
> Adam W. Barney, #24521
> Sydney M. Huss, #26581
>         CLINE WILLIAMS
> WRIGHT JOHNSON & OLDFATHER, L.L.P.
> Sterling Ridge
> 12910 Pierce Street, Suite 200
> Omaha, NE 68144
> (402) 397-1700
> abarney@clinewilliams.com
> shuss@clinewilliams.com

## NOTICE OF HEARING

You are hereby notified that a hearing will be held on the foregoing matter as soon thereafter as counsel may be heard, with an amended notice of hearing to be submitted.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was served upon the following by United States mail, postage prepaid, this 23rd day of December, 2020.


Alcohol Detection Systems, LLC f/n/a Alcohol Detection Systems, Inc.
c/o The Corporation Trust Company, Registered Agent
Corporation Trust Center, 1209 Orange Street
Wilmington, DE 19801

Alcohol Detection Systems Technology, LLC
c/o CSC-Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508

Consumer Safety Technology, LLC d/b/a Intoxalock
c/o CSC-Lawyers Incorporating Service Company, Registered Agent
Suite 1900
233 South 13th Street
Lincoln, NE 68508


/s/ Adam W. Barney

# Certificate of Service

I hereby certify that on Wednesday, December 23, 2020 I provided a true and correct copy of the Motion-Restraining Order to the following:

Alcohol Detection Systems, LLC service method: Certified Mail

Omaha Interlock, Inc. represented by HUSS, SYDNEY M (Bar Number: 26581) service method: Electronic Service to shuss@clinewilliams.com

Alcohol Detection Systems Tech, LLC service method: Certified Mail

Consumer Safety Technology, LLC service method: Certified Mail

Signature: /s/ Barney, Adam William (Bar Number: 24521)



IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | | |
|---|---|---|
| OMAHA INTERLOCK, INC., | ) | CASE NO. CI 20-10795 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | ORDER |
| ALCOHOL DETECTION SYSTEMS, LLC | ) | |
| f/k/a ALCOHOL DETECTION SYSTEMS, | ) | |
| INC., ALCOHOL DETECTION SYSTEMS | ) | |
| TECHNOLOGY, LLC, and CONSUMER | ) | |
| SAFETY TECHNOLOGY, LLC, d/b/a | ) | |
| INTOXALOCK | ) | |
| | ) | |
| Defendants. | ) | |

#6   FILED
IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

DEC 3 1 2020

JOHN M. FRIEND
CLERK DISTRICT COURT

This matter came before the Court on December 31, 2020 on the motion of Plaintiff Omaha Interlock, Inc. to extend the Temporary Restraining Order entered on December 23, 2020 until January 12, 2021. Defendants Alcohol Detection Systems Technology, LLC and Consumer Safety Technology, LLC have consented to the requested extension, without waiving or prejudicing their rights to challenge the TRO, request for temporary injunction, or the bases therefore..

Being fully advised in the premises, the Court finds that Plaintiff's motion should be granted and that good cause exists, for the reasons stated in Plaintiff's motion, to extend the temporary restraining order with respect to Defendants Alcohol Detection Systems, LLC together with the consenting Defendants.

IT IS THEREFORE ORDERED that the Temporary Restraining Order entered on December 23, 2020 is extended until January 12, 2021. The hearing on Plaintiff's request for a temporary injunction that was scheduled for January 4, 2021 by the duty judge is hereby cancelled. The parties shall contact the

chambers of the District Judge assigned to this matter to reschedule the hearing on Plaintiff's request for a temporary injunction.

Dated this 31st day of December, 2020.

BY THE COURT:

_____

District Judge

Prepared and Submitted by:

Adam W. Barney
Cline Williams
Wright Johnson & Oldfather, LLP
12910 Pierce Street
Suite 200
Omaha NE, 68144
*Counsel for Plaintiff*

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

OMAHA INTERLOCK, INC.,                )
                                      )
                Plaintiff,            )          CASE NO. CI20-10795
                                      )
v.                                    )
                                      )          TEMPORARY
ALCOHOL DETECTION SYSTEMS,            )          RESTRAINING ORDER
LLC f/k/a ALCOHOL DETECTION           )
SYSTEMS, INC., ALCOHOL                )
DETECTION SYSTEMS                     )
TECHNOLOGY, LLC, and                  )
CONSUMER SAFETY TECHNOLOGY,           )
LLC, d/b/a INTOXALOCK,                )
                                      )
                Defendants.           )

#6    FILED
    IN DISTRICT COURT
DOUGLAS COUNTY NEBRASKA

DEC 2 3 2020

JOHN M. FRIEND
CLERK DISTRICT COURT

A hearing was held before the undersigned on December 23, 2020 on the request of Plaintiff Omaha Interlock, Inc. for a temporary restraining order. Plaintiff was represented by Adam W. Barney of Cline Williams Wright Johnson & Oldfather, L.L.P. Defendants did not appear. Evidence was adduced and arguments heard.

After considering the evidence and being fully advised in the premises, the Court finds that it has jurisdiction over Defendants Alcohol Detection Systems, LLC, Alcohol Detection Systems Technology, LLC, and Consumer Safety Technology, LLC ("Defendants") and over Plaintiff's request for relief. The Court further finds that Plaintiff's request for a temporary restraining order should be, and hereby is, granted.

The Court also finds that Plaintiff will suffer immediate and irreparable injury if Defendants are allowed to engage in the conduct restrained below pending further adjudication of this dispute. The Court finds the harm is immediate because Defendants have noticed their intent to contact and provide products and services to Omaha Interlock customers directly beginning December 28, 2020. Plaintiff has also made a sufficient showing that it is likely to succeed in its argument that such conduct would be unlawful and in violation of the Junkin Act, Section 59-805. Absent injunctive relief and preservation of

1

the status quo, Plaintiff will be deprived of the opportunity to protect its rights, up to and including, its rights to remain as an ongoing concern. The harm is irreparable because it would damage the Plaintiff's reputation, goodwill, and threaten its ability to remain an ongoing concern.

Accordingly, Defendants, together with their officers, agents, and employees, and those persons in active concert or participation with any of them, are therefore temporarily enjoined from:

1.      Contacting or in any way communicating with any customer of Omaha Interlock a) for the direct or indirect purpose of offering or soliciting business from those customers, or b) to make any representations to those customers about whether devices currently being leased comply with Nebraska law or the standards of the National Highway Traffic Safety Administration;

2.      Doing any business with any customer of Omaha Interlock, except indirectly through their relationship with Omaha Interlock, consistent with prior practices;

3.      Selling or leasing any Determinator 2 devices in the state of Nebraska, except to and through Omaha Interlock; and

4.      Terminating, cancelling, or failing to renew their relationship with Omaha Interlock.

Plaintiff shall post a bond in the amount of $1,000.00.

This Temporary Restraining Order shall remain in place until further order of this Court. A hearing on Plaintiff's request for a temporary injunction is scheduled before the Hon. James T. Gleason at 8:30 a.m. on Tuesday, January 5, 2021.

SO ORDERED.

Dated this 23rd day of December, 2020 at 2:00 p.m.

BY THE COURT:

Hon. James M. Masteller
District Judge

2

## CERTIFICATE OF SERVICE

I, the undersigned, certify that on December 23, 2020 , I served a copy of the foregoing document upon the following persons at the addresses given, by mailing by United States Mail, postage prepaid, or via E-mail:

Alcohol Detection Systems, LLC          Alcohol Detection Systems Tech, LLC
Corporation Trust Center                233 S 13th Street
1209 Orange Street                      Suite 1900
Wilmington, DE 19801                     Lincoln, NE 68508


Consumer Safety Technology, LLC          Adam  W Barney
c/o CSC Lawyers Incorp Service Co.       abarney@clinewilliams.com
233 S 13 Street, #1900
Lincoln, NE 68508


Date:  December 23, 2020     BY THE COURT:  _John M. Friend_____
                                                        CLERK