IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| OMAHA INTERLOCK, INC., <br><br> Plaintiff, <br><br> vs. <br><br> ALCOHOL DETECTION SYSTEMS TECHNOLOGY, LLC, ALCOHOL DETECTION SYSTEMS, LLC, and CONSUMER SAFETY TECHNOLOGY, LLC, <br><br> Defendants. | 8:21CV08 <br><br> MEMEMORANDUM AND ORDER |

This matter is before the Court on the Plaintiff Omaha Interlock, Inc.'s ("Omaha Interlock") Motion to Extend Temporary Restraining Order and to Set a Briefing Schedule on Plaintiff's Motion for Temporary Injunction, Filing No. 8. This is an action alleging various state-law torts and contract claims that was originally filed in the District Court for Douglas County, Nebraska.[1] The action was removed to this court pursuant to 28 U.S.C. § 1441 and 1446. Filing No. 1. Jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332.

In the complaint, the plaintiff alleges it entered into an exclusive territory distributor agreement with defendant Alcohol Detection Systems, LLC ("ADS") to purchase breath alcohol ignition interlock devices manufactured by defendant ADS and to lease the devices to customers in Nebraska. Defendant Consumer Safety Technology, LLC ("CST"), a competitor of ADS, allegedly created defendant Alcohol Detection Systems

---

[1] The plaintiff's claim are for violations of the Junkin Act, Neb. Rev. Stat. § 59-819, misrepresentation, breach of implied warranty, breach of express warranty, tortious interference, breach of the Nebraska Franchise Practices Act, breach of contract, breach of covenant of good faith and fair dealing, and breach of the implied warranty of merchantability.

1

Technology, LLC ("ADST") for the purpose of acquiring ADS, and later purchased ADS or its assets. Omaha Interlock alleges that CST developed a scheme to drive Omaha Interlock out of business by changing their relationship from franchisee/distributor of the defendants' devices to a service center. Omaha Interlock also alleges that defendants misrepresented that its devices complied with NHTSA standards and/or that some of the devices defendant sold to Omaha Interlock were noncompliant with Nebraska law, refused to replace noncompliant units, and threatened to directly lease devices to Omaha Interlock's customers.

The plaintiff seeks an extension of a temporary restraining order entered in Douglas County District Court ("State Court") on December 23, 2020 and extended by agreement of the parties on December 31, 2020. *See* Filing No. 1-1, Ex. A, State Court Record, TRO, ECF Page 37-38; Order, ECF Page 35-36. The plaintiff represents that although the defendants do not stipulate to the extension, they agree that an expedited briefing schedule is appropriate. Filing No. 8, Motion at 3. The parties also agree that the Motion for a preliminary injunction can be submitted on the briefing and evidence submitted by the parties. *Id.*

In entering the TRO, the State Court found that Omaha Interlock had made a sufficient showing that it was likely to succeed in its argument that the defendants' intended conduct would be unlawful and in violation of the Junkin Act. Filing No. 1-1, Ex. A, State Court Record, TRO at 1, ECF Page 37. The State Court further found that the harm would be immediate and absent injunctive relief and preservation of the status quo, Omaha Interlock would be deprived of the opportunity to protect its rights, up to and including its rights to remain as an ongoing concern, and would also suffer irreparable

harm to its reputation and goodwill. *Id.* at 1-2, ECF Pages 37-38. The State Court TRO enjoins the defendants from engaging in several business practices, including contacting or communicating with Omaha Interlock's customers, making representations to those customers about the devices' Nebraska law or NHTSA compliance, doing business with Omaha Interlock customers, selling or leasing certain devices in Nebraska or terminating, cancelling, or failing to renew their relationship with Omaha Interlock. Filing No. 1-1, Ex. A, State Court Record, TRO at 2, CMF Page 38.

A federal court has jurisdiction to dissolve or modify such state court orders following removal. 28 U.S.C. § 1450. The district court is authorized to make any changes in the injunction that are equitable in light of subsequent changes in the facts or the law or for other good reasons. *Uncle B's Bakery, Inc. v. O'Rourke*, 938 F. Supp. 1450, 1459 (N.D. Iowa 1996).

A party may obtain a TRO under Federal Rule of Civil Procedure 65(b) to preserve the status quo until there is an opportunity to hold a hearing on an application for a preliminary injunction. 11A Fed. Prac. & Proc. Civ. § 2951 (3d ed.) (noting the sharply limited duration of a temporary restraining order). If the restraining order does not state how long it will remain in effect, it automatically expires after 14 days. *Id.* Once granted, a temporary restraining order can be extended beyond its initial duration for a similar period upon a showing of good cause or if the adverse party consents to a longer extension. Fed. R. Civ. P. 65(b)(2). The rule requires that "[t]he reasons for an extension must be entered in the record." *Id.*

Good cause for an extension can be demonstrated with a showing that, absent an extension, defendants will have been able to overcome continued injunctive relief simply

by removing the case to this federal forum. *See e.g., Am. Sys. Consulting, Inc. v. Devier*, 514 F. Supp. 2d 1001, 1009–10 (S.D. Ohio 2007). The state court record shows the parties consented to an extension on December 31, 2020, and were to have contacted the Court to reschedule a hearing that had been set for January 4, 2021. Filing No. 1-1, Ex. A, State Court Record, Order at 2, ECF Page 35-36.[2] The defendants' removal on January 6, 2021, prevented any hearing and the TRO expired by its terms on January 12, 2021.

The plaintiff has shown good cause for an extension by virtue of the defendants' removal of the case to this Court. Also, for present purposes, the Court credits the State Court's finding that the plaintiff will suffer irreparable harm in the absence of a temporary restraining order.

The defendants agreed to an extension in State Court, have been provided notice of the present motion, and have agreed to an expedited briefing schedule and submission of the motion without a hearing. The parties have also agreed to a protective order. *See* Filing No. 13. By their actions, the defendants essentially consent to the entry of an order restraining their activities until the Court has an opportunity to hear and consider their position on injunctive relief. The plaintiff has already submitted a brief on its motion for preliminary injunction. Filing No. 11. The Court finds an expedited schedule of briefing is appropriate.

In light of the expiration of the State Court TRO, the Court will construe the present motion as a motion for a TRO and finds it should be granted. The Court finds a TRO in

---

[2] In state court, the plaintiff included its motion for a preliminary injunction in the TRO motion. Filing No. 1-1, Ex. A, State Court Record, Motion at 1, ECF Page 35. In the interest of docket control, the plaintiff should file a separate motion for preliminary injunction in this court.

substantially the same form as the State Court's order will maintain the status quo until the Court can consider the defendants' response and resolve the plaintiff's motion for a preliminary injunction. Accordingly,

IT IS ORDERED that:

1. The plaintiff's Motion to Extend Temporary Restraining Order and to Set a Briefing Schedule (Filing No. 8), construed as a motion for a temporary restraining order, is granted.

2. For docket control purposes, the plaintiff is directed to file its motion for preliminary injunction separately in this Court.

3. Defendants shall respond to the plaintiff's brief (Filing No. 11) within 14 days of the date of this order; the plaintiff shall reply thereto within one week thereafter.

4. Upon completion of briefing the plaintiff's motion for preliminary injunction will be considered submitted to the Court.

5. A temporary restraining order will issue this date and will remain in effect pending the Court's resolution of the plaintiff's motion for a preliminary injunction.

Dated this 15th day of January, 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge